UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ADOLFO ROJAS-BARRERA,

    Petitioner,

  v.

TIMOTHY WENGLER,

    Respondent.

CASE NO. C07-0004-JCC

ORDER

This matter comes before the Court on Adolfo Rojas-Barrera's Petition for Writ of Habeas Corpus (Dkt. No. 6), the Report and Recommendation of United States Magistrate Judge James P. Donohue ("R&R") (Dkt. No. 23), and Mr. Rojas-Barrera's Objections thereto (Dkt. No. 25). Having reviewed the relevant materials submitted by the parties, and determining that oral argument is not necessary, the Court ADOPTS the R&R and DISMISSES the Petition.

**I.    BACKGROUND**

Adolfo Rojas-Barrera is in state custody pursuant to a 2003 conviction by jury verdict for three counts of attempted robbery in the first degree. His sentence includes three weapons enhancements—one for each count of attempted robbery. (Am. J. & Sentence (Dkt. No. 18, Ex. 1).) At trial, the State introduced evidence that:

ORDER – 1

Around 2 a.m. on March 16, 2003, Adolfo Rojas-Barrera and an accomplice came upon a woman and two men sitting and talking in two cars outside a bar. Rojas-Barrera and his accomplice ordered the three people out of their cars at gunpoint and ordered them to get down on their hands and knees. Rojas-Barrera or his accomplice demanded car keys from the woman and one of the men. The woman said she did not have any keys. The man tossed his set of car keys to the ground. The two men then attacked and subdued Rojas-Barrera and his accomplice.

*State v. Rojas-Barrera*, No. 53477-7-I, 2004 Wash. App. LEXIS 2762, at *1 (Wash. Ct. App. Nov. 15, 2004). The jury convicted Mr. Rojas-Barrera of three counts of attempted robbery and found via special verdict that he committed each crime while armed with a firearm. *Id.* at *2–3.

At the time the trial court sentenced Mr. Rojas-Barrera, there was a split among Washington's courts of appeal over the proper calculation of sentences involving multiple convictions with enhancements. Division Two had held that when base sentences are served concurrently, the total sentence—including enhancements—could not exceed the maximum statutory sentence for the highest level felony among the crimes for which the defendant is convicted. *State v. Harvey*, 34 P.3d 850, 854–55 (Wash. Ct. App. 2001). In contrast, Division One had held that statutory maximums apply to each offense separately, thus the overall sentence—including enhancements—may exceed the statutory maximum for the highest level felony. *State v. Thomas*, 54 P.3d 719, 721 (Wash. Ct. App. 2002). In Mr. Rojas-Barrera's case, the trial court followed the reasoning of *Harvey* and sentenced him to twelve months on each count, to run concurrently, together with three thirty-six month firearm enhancements for a total sentence of 120 months. *Rojas-Barrera*, 2004 Wash. App. LEXIS 2762, at *5. The 12-month sentence was below the low end of the standard range for each count.[1]

Shortly after Mr. Rojas-Barrera was sentenced, the Washington State Supreme Court resolved the split and affirmed Division One's interpretation of the sentencing law, holding that statutory maximums apply to each offense separately and a combined sentence for multiple convictions can be higher than the statutory maximum for the single highest level felony. *State v. Thomas*, 80 P.3d 168, 171 (Wash. 2003).

---

[1] Under Washington's Sentencing Guidelines, the standard range for each count was 38.25 to 51 months. (Am. J. & Sentence 2 (Dkt. No. 18, Ex. 1).)

ORDER – 2

Consequently, the State filed a motion to resentence in compliance with *Thomas*, and the trial court imposed a new sentence of 38.25 months on each count, to run concurrently, and three consecutive 36 month sentences for the firearm enhancements, for a total sentence of 146.25 months. (Am. J. & Sentence 4 (Dkt. No. 18, Ex. 1)); *see also Rojas-Barrera*, 2004 Wash. App. LEXIS 2762, at *5–6.

Mr. Rojas-Barrera properly exhausted his state remedies for the two grounds raised in his habeas petition, which were addressed in depth in the R&R.[2] Through the habeas petition, Mr. Rojas-Barrera contends that his conviction violated the Double Jeopardy clause, was based upon insufficient evidence, and his trial counsel was ineffective. In his Objections to the R&R,[3] he makes three arguments. The Court addresses each in turn, below.

## II. STANDARD OF REVIEW

This Court reviews Mr. Rojas-Barrera's Objections to the R&R *de novo*. *See* 28 U.S.C. § 636(b)(1)(C). Writs of habeas corpus with respect to a claim adjudicated in state court are governed by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), under which a petition will only be granted if the state court's decision was "*contrary to*, or involved an *unreasonable application of*, clearly established Federal law, as determined by the Supreme Court of the United States[,] or, if the state court's decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d) (emphasis added). Federal courts are extremely deferential to state courts when reviewing habeas petitions filed by prisoners convicted in state courts and should overturn a decision only if its application of the federal law was "objectively unreasonable." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003).

---

[2] Magistrate Judge Donahue noted that in the Response to Respondent's Answer filed on July 7, 2007, Mr. Rojas-Barrera asserted and argued new claims regarding the constitutionality of his sentences. (R&R 1 (Dkt. No. 23).) The Court agrees with Judge Donahue that these sentencing claims do not appear to have been properly exhausted in the state courts and thus are not properly before the Court.

[3] Mr. Rojas-Barrera's Objections to the R&R (Dkt. No. 25) were filed one day late, however, the Court permits the Objections and reaches the issues raised.

ORDER – 3

## III.   ANALYSIS

### A.   *Petitioner's Sentence Did Not Exceed the Statutory Maximum Set By Washington's Sentencing Guidelines*

First, Mr. Rojas-Barrera objects to the R&R's reliance on *State v. Harvey*, however, the R&R's only mention of *Harvey* is in quoting the Washington Court of Appeal's summary of the facts relevant to Mr. Rojas-Barrera's claims (R&R 2 (Dkt. No. 23)); the R&R does not cite *Harvey* in its analysis of Mr. Rojas-Barrera's double jeopardy claims. As far as the Court can determine, the only court to have relied upon *Harvey* in the course of this action was the trial court when it originally sentenced Mr. Rojas-Barrera. *Rojas-Barrera*, 2004 Wash. App. LEXIS 2762, at *4. As noted above, soon thereafter the Washington State Supreme Court overruled *Harvey*, *see Thomas*, 80 P.3d at 171, and the trial court resentenced Mr. Rojas-Barreras based upon the *Thomas* decision. *Rojas-Barrera*, 2004 Wash. App. LEXIS 2762, at *5–6.

Second, Mr. Rojas-Barrera appears to argue that *Blakely v. Washington*, 542 U.S. 296 (2004), somehow invalidated Washington Revised Code 9A.20.021(1)(b), which sets the maximum punishment for a class B felony at 120 months. (*See* Objections 2 (Dkt. No. 25) ("Blakely invalidated the Washington Supreme Courts [sic] idea that the statutory maximum allowable sentence for a Class B felony was 120 months.").) However, even if Mr. Rojas-Barrera's argument had merit, his sentence does not violate the maximum sentence based on his offender score set by the Washington Sentencing Guidelines—87 months *per count*. Mr. Rojas-Barrerra received a sentence of 74.25 months on each count, of which 38.25 months from each runs concurrently. (Am. J. & Sentence 4 (Dkt. No. 18, Ex. 1).) Therefore, even though his total sentence was 146.25 months, the sentence for *each conviction* is within legislatively enacted guidelines. The Washington State Supreme Court held in *Thomas* that statutory maximums apply to each offense separately, thus, the overall sentence—including enhancements—may exceed the statutory maximum for the highest level felony. 80 P.3d at 171. The Washington Supreme Court's analysis in *Thomas* is similar to that applied by the Ninth Circuit with regard to the federal guidelines and as such is

ORDER – 4

not objectively unreasonable. *See U.S. v. Iniguez*, 368 F.3d 1113, 1116–17 (9th Cir. 2004).

### B. *Neither the Firearm Enhancement Statute, Nor Its Imposition in This Case, Violates Double Jeopardy*

Mr. Rojas-Barrera makes two objections in support of his claim that the firearm enhancements imposed as a part of his sentence violate double jeopardy. First, he claims that double jeopardy prohibits the use of a firearm from serving as both an element of the base crime of first degree robbery and an enhancing factor to the sentence imposed on that charge. Mr. Rojas-Barrera concedes that the firearm enhancement was not conceived as separate punishment: "the Washington legislature . . . sees the firearm enhancement as a sentencing factor, not as an extra charge." (Objections 4 (Dkt. No. 25).) The trial court's application of the firearm enhancement reflects a legislative decision to set an enhanced *minimum* punishment for certain felonies committed while armed with a deadly weapon and does not implicate double jeopardy. WASH. REV. CODE 9.94A.510(4); *State v. Nguyen*, 142 P.3d 1117, 1118–19 (Wash. Ct. App. 2006). Although these particular Washington statutes have not been tested in the federal courts for constitutional validity, the Ninth Circuit has previously upheld similar statutes. *May v. Sumner* involved two California statutes, which together permitted a court to—following a conviction of first degree robbery with a dangerous or deadly weapon—impose a sentencing enhancement based upon the defendant's possession of a firearm during the commission of the crime. 622 F.2d 997, 999 (9th Cir. 1980). The court found that the California statutes did not create two separate offenses, rather, the legislature validly provided for a single sentence under two statutes. *Id.* The court reasoned:

> The double jeopardy clause does not limit the legislature's power to impose sentences for a given crime. It is uncontested that the . . . legislature could have created a single offense which provided one sentence for simple robbery, a greater sentence for robbery with a deadly weapon, and a still greater sentence if the deadly weapon were a firearm. California chose to accomplish this result by two statutes instead of one. To strike down the scheme adopted by California in this case would 'operate not as a substantive or penological restriction, but as a literary critique of the legislature.'

*Id.* (quoting *Cordova v. Romero*, 614 F.2d 1267, 1269 (10th Cir. 1980). As such, the state court's determination that the weapons enhancements applied to Mr. Rojas-Barrera's sentence did not violate the double jeopardy clause was not objectively unreasonable.

ORDER – 5

1  Second, Mr. Rojas-Barrera argues that it was inappropriate for the trial court to impose a firearm
2  enhancement on each count, arguing that his possession of a firearm constituted a continuing course of
3  conduct, which should have resulted in, at most, a single enhancement instead of three. (Objections 4–6
4  (Dkt. No. 25).) However, the Ninth Circuit has approved of the application of firearm enhancements in
5  similar situations. *See Ballard v. Estelle*, 937 F.2d 453, 459 (9th Cir. 1991) (allowing firearm
6  enhancements on each of a defendant's multiple convictions for simultaneously robbing multiple victims).
7  In line with *Estelle*, the Court is unable to find that Mr. Rojas-Barrera's sentence was an objectively
8  unreasonable application of clearly settled federal law.

### C. *The Jury Had Sufficient Evidence to Find That Petitioner Was Armed*

Finally, Mr. Rojas-Barrera argues that the R&R failed to adequately address his claim that the evidence introduced at trial was insufficient to prove he was armed with a deadly weapon, thereby violating his due process right to have necessary elements of the crime proven beyond a reasonable doubt. The evidence will be deemed sufficient if, after viewing it in the light most favorable to the prosecution, the Court determines that *any* rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). This standard is "highly deferential" to the jury's findings. *United States v. Bancalari*, 110 F.3d 1425, 1428 (9th Cir. 1997).

The jury was presented with the following evidence in relation to the firearm enhancement: Mr. Rojas-Barrera himself admitted that he had a .22 caliber handgun in his possession on the night of the incident (R. 277:8, 284:3, 286:4 (Dkt. No. 18, Ex. 17)); both a victim and Mr. Rojas-Barrera's accomplice testified that Mr. Rojas-Barrera was in possession of a firearm (*id.* at 165:23–166:1, 168:23–169:3, 181:17, 298:11); a police officer testified to finding a shell casing from a bullet that was fired at the scene (*id.* at 190:1) and another officer testified that handguns were recovered at the scene (*id.* at 214:8); the jury heard evidence that a .22 caliber bullet was found in Mr. Rojas-Barrera's pants pocket and the bullet itself was presented to the jury (*id.* at 216–217); the jury was presented with

ORDER – 6

pictures of the handguns, magazines, and a fired bullet from the scene (*id.* at 202:1–203:23) and the actual handguns recovered at the scene were admitted into evidence (*id.* at 226:7–17, 230:15–232:16); and an expert firearm examiner explained how he tested the handguns and reported that they are functioning firearms (*id.* at 254:16–258:2).

A rational trier of fact presented with the evidence recounted above could have properly found that Mr. Rojas-Barrera was armed with a deadly weapon at the time of the attempted robberies. His arguments to the contrary must fail.

**IV.  CONCLUSION**

The remaining arguments Mr. Rojas-Barrera makes in his Objections are not new and have been properly addressed by the Magistrate Judge. As such, for the reasons discussed above and in the R&R, he has failed to meet the standard required by the AEDPA. Accordingly, the Court ADOPTS the R&R and DISMISSES the Petition for Writ of Habeas Corpus.

SO ORDERED this 19th day of December, 2007.

John C. Coughenour
United States District Judge

ORDER – 7