1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

ADOLFO ROJAS-BARRERA,

Petitioner,

11

CASE NO. C07-0004

v.

12

ORDER

TIMOTHY WENGLER,

13

Respondent.

14

15

This matter comes before the Court on Petitioner's Notice of Appeal, construed as a Certificate of

16

Appealability ("COA") (Dkt. Nos. 28 & 29), Respondent's Response (Dkt. No. 31), and Petitioner's

17

Reply (Dkt. No. 32). Having closely reviewed the materials submitted by the parties and the relevant

18

portions of the record, the Court hereby DENIES Petitioner's application for a COA, as follows.

19

**I.      BACKGROUND**[1]

20

In December 2007, the Court adopted Magistrate Judge Donohue's Report and Recommendation

21

("R&R") (Dkt. No. 23), and dismissed Petitioner's habeas petition in its entirety (Dkt. No. 26), finding,

22

*inter alia*, that the jury was presented with sufficient evidence to find that Petitioner was armed (*id*. at

23

24

---

[1] The Court has recounted the relevant background at length in previous orders and will not
repeat it here, except as necessary to explain its ruling.

25

26

ORDER – 1

6–7); Petitioner's sentence did not exceed the statutory maximum set by Washington's sentencing guidelines (*id*. at 4); and the firearm enhancements included in that sentence did not violate double jeopardy (*id*. at 5–6). Petitioner now seeks "a COA on all . . . grounds[.]" (Pet.'s Mot. (Dkt. No. 29 at 2).)

## II.   LEGAL STANDARD

The Court may issue a COA only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires that the petitioner "demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983) (alteration in original); *accord Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## III.   ANALYSIS

### A.   *Insufficient Evidence*

The Court held that a rational trier of fact could have found that Petitioner was armed, and Petitioner fails to demonstrate that this conclusion is debatable among jurists of reason. Petitioner makes no new argument on this issue; rather, he incorporates by reference arguments previously rejected by the Court. Despite Petitioner's conclusory statements to the contrary, quite a lot of evidence was presented to the jury on this issue:

> Mr. Rojas-Barrera himself admitted that he had a .22 caliber handgun in his possession on the night of the incident; both a victim and Mr. Rojas-Barrera's accomplice testified that Mr. Rojas-Barrera was in possession of a firearm; a police officer testified to finding a shell casing from a bullet that was fired at the scene and another officer testified that handguns were recovered at the scene; the jury heard evidence that a .22 caliber bullet was found in Mr. Rojas-Barrera's pants pocket and the bullet itself was presented to the jury; the jury was presented with pictures of the handguns, magazines, and a fired bullet from the scene and the actual handguns recovered at the scene were admitted into evidence; and an expert firearm examiner explained how he tested the handguns and reported that they are functioning firearms.

(Order Dismissing Habeas Pet. 6–7 (Dkt. No. 26)) (citations omitted). Petitioner's request for a COA on the issue of insufficient evidence is DENIED.

ORDER – 2

**B.    Ineffective Assistance of Counsel**

As stated in the R&R, "it appears from the record that petitioner's counsel presented the defense which petitioner insists here should have been presented," and "[t]o the extent petitioner alleges that counsel should have offered more evidence [in] support . . . , petitioner fails to make clear what additional evidence could have been presented or that any such evidence would have altered the outcome of the proceedings." (R&R 15 (Dkt. No. 23).) Now, Petitioner argues that this Court abused its discretion by failing to hold an evidentiary hearing on this claim. (Pet.'s Mem. of Law 19 (Dkt. No. 29 at 25).) Petitioner cites no law that would require the Court to hold an evidentiary hearing, and offers no other argument to convince the Court that a COA should be granted on this issue. Again, Petitioner's incorporation of his previous arguments by reference does not suffice to make the requisite showing. Petitioner's request for a COA on the issue of ineffective assistance of counsel is DENIED.

**C.    Blakely v. Washington**

Petitioner's contention that his sentence was contrary to *Blakely v. Washington*, 542 U.S. 296 (2004), misreads *Blakely*. There, the Supreme Court held that the Sixth Amendment jury trial right requires that "the maximum sentence a judge may impose [be based] solely on . . . *facts reflected in the jury verdict or admitted by the defendant*." *Id*. at 303 (emphasis in original). "When a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts 'which the law makes essential to the punishment,' and the judge exceeds his proper authority." *Id.* at 304. As discussed in previous orders, in Petitioner's case, the sentencing jury found by special verdict that Petitioner committed three counts of attempted robbery in the first degree while armed with a firearm. *State v. Rojas-Barrera*, No. 53477-7-I, 2004 Wash. App. LEXIS 2762, at *2–3 (Wash. Ct. App. Nov. 15, 2004). Petitioner's request for a COA on this issue is, therefore, DENIED.

**D.    Double Jeopardy**

Petitioner's argument that his sentence amounted to "impermissible double counting" is similarly without merit. Petitioner argues that double jeopardy prohibits the fact that a firearm was used from

ORDER – 3

1    serving as both an element of first degree robbery and as a basis for sentence enhancement. First,

2    Petitioner wrongly asserts that the exact same conduct is targeted in both the first degree robbery statute

3    and the firearm enhancement statute. Washington law elevates robbery from second to first degree when

4    an offender commits the crime while he or she either "(i) is armed with a *deadly weapon*; *or* (ii) displays

5    what appears to be a firearm or other deadly weapon; *or* (iii) inflicts bodily injury; *or* . . . commits

6    robbery within and against a financial institution[.]" WASH. REV. CODE § 9A.56.200(1)(a)&(b) (emphasis

7    added). Thus, the elevation is available when an offender commits the crime with *any* deadly weapon; it is

8    not limited to firearms. Moreover, some defendants properly charged with first degree robbery need not

9    have been armed with any kind of weapon. In contrast, the sentence enhancement provision, enacted as a

10   result of Initiative 159, "Hard Time for Armed Crime," provides for additional confinement in instances

11   where the "offender . . . was armed with a *firearm*." WASH. REV. CODE § 9.94A.533(3), (4) (emphasis

12   added); *see also State v. Tessema*, 162 P.3d 420, 423–24 (Wash.App. 2007).

13          As such, Petitioner's challenge is an equal protection challenge, and the Court asks whether a

14   rational basis exists for treating crimes committed while armed with a firearm differently than crimes

15   committed while armed with a different sort of deadly weapon. *State v. Berrier*, 41 P.3d 1198, 1203

16   (Wash.App. 2002) (holding firearm enhancement classification subject to rational basis review where it

17   involves only a physical liberty interest and does not involve a suspect class). The challenged law must

18   "serve a legitimate state objective, . . . not be wholly irrelevant for achieving that objective, and the means

19   must be rationally related to the objective." *Id*. at 649. This is a highly deferential standard as the

20   legislature has broad discretion to pursue legitimate state interests. Consequently, in order to prevail, the

21   challenger must show that the differential treatment is "purely arbitrary." *Id*.

22          That there is a rational basis for treating crimes committed with firearms differently than crimes

23   committed with other deadly weapons is not debatable among jurists of reason. Moreover, Washington

24   state courts have routinely held that "sentence enhancements for offenses committed with weapons do

25   not violate double jeopardy even where the use of a weapon is an element of the crime." *State v. Nguyen*,

26   ORDER – 4

1   142 P.3d 1117, 1118 (Wash.App. 2006). The Ninth Circuit has upheld the constitutionality of similar

2   regimes. *See May v. Sumner*, 622 F.2d 997, 999 (9th Cir. 1980).

3        Similarly, Petitioner's argument that double jeopardy precludes the decision of the Washington

4   State Supreme Court in *State v. Thomas*, 80 P.3d 168 (Wash. 2003), is without merit. Petitioner

5   continues to argue that his sentence was contrary to *State v. Harvey*, 34 P.3d 850, 854–55 (Wash.App.

6   2001). As the Court has previously noted, *Harvey* was overruled by *Thomas*, 80 P.3d at 171, wherein the

7   State Supreme Court held that statutory maximums apply to each offense separately, so that the overall

8   sentence—including enhancements—may permissibly exceed the total period of confinement for the

9   highest felony. *Id.* at 170. Because this is in keeping with Ninth Circuit precedent in applying federal

10  sentencing provisions, *see U.S. v. Iniguez*, 368 F.3d 1113, 1116–17 (9th Cir. 2004), the Court is not

11  persuaded that Petitioner's period of confinement amounts to a substantial deprivation of a

12  constitutionally protected right or that the issue is debatable among reasonable jurists.

13       Finally, Petitioner urges that the trial court should have "grouped" the three counts of armed

14  robbery and imposed only one firearm enhancement on the group—instead of imposing a firearm

15  enhancement on each count. The Court previously rejected this argument, pointing out that it contradicts

16  Ninth Circuit precedent. *See Ballard v. Estelle*, 937 F.2d 453, 459 (9th Cir. 1991) (allowing firearm

17  enhancements on each of a defendant's multiple convictions for simultaneously robbing multiple victims).

18  Petitioner makes no attempt to distinguish *Estelle*, and the Court DENIES Petitioner's request for a COA

19  on his double jeopardy claims, as well.

20  //

21  //

22  //

23  //

24  //

25  //

26  ORDER – 5

**III.    CONCLUSION**

For the forgoing reasons, the Court DENIES Petitioner's application for a COA.

ORDERED this 11th day of March, 2008.

John C. Coughenour
United States District Judge

ORDER – 6